Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000353
19-FEB-2016
08:39 AM

NO. CAAP-15-0000353

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
NICHOLE SKINNER, Defendant-Appellee,
and
EXODUS BAIL BONDS,
Real Party in Interest-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-1468)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Real Party in Interest-Appellant Exodus Bail Bonds
(Exodus) appeals from an "Order Denying Exodus Bail Bond
Company's Motion to Enlarge Time or Motion to Reconsider Motion
to Set Aside Bail Forfeiture" (Order Denying Motion to
Reconsider) entered March 20, 2015, in the Circuit Court of the
First Circuit (circuit court).[1] On appeal, Exodus contends that
the circuit court erred by (1) denying Exodus's "Motion to
Enlarge Time or Motion to Reconsider Motion to Set Aside Bail
Forfeiture" (Motion to Reconsider), and (2) ruling that Exodus's
original motion to set aside bail forfeiture judgment was

_____

[1] The Honorable Richard K. Perkins presided.

untimely.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

In State v. Vaimili, 131 Hawai'i 9, 313 P.3d 698 (2013), the Hawai'i Supreme Court stated:

> [State v. Ranger Ins. Co. Ex rel James Lindblad, Inc., 83 Hawai'i 118, 925 P.2d 288 (1996)] explained that, "HRS § 804-51 permits the filing neither of a second motion seeking to show 'good cause why execution should not issue' nor any motion after the closing of the thirty-day window." 83 Hawai'i at 124 n. 5, 925 P.2d at 294 n. 5 (emphases in original). Hence, "the surety's sole recourse from the denial of the motion to set aside ... is by way of appeal[.]" Id.

Id. at 17, 313 P.3d at 706 (brackets omitted).  In this case, a "Judgment and Order of Forfeiture of Bail Bond" (Bail Forfeiture Judgment) was entered on November 17, 2014.  On December 10, 2014, Exodus was served via certified mail with notice of the Bail Forfeiture Judgment.  On January 12, 2015, Exodus filed a "Motion to Set Aside Bail Forfeiture."[3]  The circuit court denied the motion as untimely, ruling that it was filed thirty-three (33) days after receipt of notice of the Bail Forfeiture Judgment, outside of the thirty (30) day time limit provided in Hawaii Revised Statutes (HRS) § 804-51 (2014).[4]  The circuit

---

[2] Exodus's opening brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 in many ways, which alone raises the potential for dismissal of the appeal and/or waiver of issues sought to be raised.  State v. Miles, 135 Hawai'i 525, 526 n.2, 354 P.3d 178, 179 n.2 (2015).  However, because we seek to address cases on the merits where possible, we address Exodus's arguments to the extent they are discernable. Id.  Exodus's counsel is cautioned that future noncompliance with HRAP Rule 28 may result in sanctions.

[3] On appeal and in its Motion to Reconsider, Exodus contends that its Motion to Set Aside Bail Forfeiture was submitted to the circuit court for calendaring on January 8, 2015, and that the motion was then filed on January 12, 2015.

[4] HRS § 804-51 provides in pertinent part that:

> **§804-51 Procedure.** Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a
>
> (continued...)

court entered its "Findings of Fact and Order Denying Exodus Bail Bonds Company's Motion to Set Aside Bail Forfeiture" (Order Denying Motion to Set Aside) on February 3, 2015. Under HRS § 804-51, "the appealable event is the order denying the motion to set aside the judgment of forfeiture." State v. Camara, 81 Hawai'i 324, 329, 916 P.2d 1225, 1230 (1996). Exodus did not file a timely notice of appeal from the February 3, 2015 Order Denying Motion to Set Aside.[5] Instead, on March 2, 2015, Exodus filed the Motion to Reconsider. Thus, Exodus filed an unpermitted and untimely second motion seeking to set aside the Bail Forfeiture Judgment. Pursuant to Vaimili, Exodus's Motion to Reconsider was not allowed under HRS § 804-51. 131 Hawai'i at 17, 313 P.3d at 706.

Therefore, IT IS HEREBY ORDERED that the "Order Denying Exodus Bail Bond Company's Motion to Enlarge Time or Motion to

---

[4](...continued)
criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court. If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.

[5] Exodus's notice of appeal from the February 3, 2015 Order Denying Motion to Set Aside was due on March 5, 2015. Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1).

Reconsider Motion to Set Aside Bail Forfeiture" entered on March 20, 2015, in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, February 19, 2016.

On the briefs:

Anthony Fujii,
for Real Party in
Interest-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

*Alexa D. M. Fujise*

Associate Judge

4